| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

PURVIS RAY CARTWRIGHT, §
§
    Petitioner, §
§
versus §   CIVIL ACTION NO. 1:05-CV-797
§
T.C. OUTLAW, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Purvis Ray Cartwright, an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections are without merit. Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Poer v. Miles*, 263 F.3d 162, at *1 (5th Cir. 2001) (unpublished); *Rourke v.*

*Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The purpose of requiring exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). As the magistrate judge explained in his Report, the Federal Bureau of Prisons has an established grievance procedure for resolving complaints.

Petitioner filed a grievance following his disciplinary conviction on February 14, 2005. As a result of petitioner's grievance, a rehearing was ordered by the South Central Regional Director. However, petitioner filed this action on June 10, 2005 prior to the rehearing being conducted by prison officials. The rehearing was conducted on January 24, 2006.

In this case, the agency attempted to correct its own error by affording petitioner another disciplinary hearing. However, petitioner filed this petition before he allowed prison administrators an opportunity to rehear the disciplinary case. Any claim concerning the first disciplinary hearing was rendered moot by the rehearing ordered through the administrative remedy procedure. Any claim arising during the second disciplinary hearing occurred after this petition was filed and could not have been exhausted prior to the filing of this petition.

Petitioner's petition fails to demonstrate extraordinary circumstances which would warrant a waiver of the exhaustion requirement. *See Fuller*, 11 F.3d at 62. Accordingly, the petition should be dismissed. The dismissal of this petition is without prejudice to petitioner's ability to pursue a petition for writ of habeas corpus concerning any claims that arose at his rehearing.

**ORDER**

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of August, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE